◥AO 245B    (Rev. 9/00) Judgment in a Criminal Case
            Sheet 1

FILED

2011 MAY 18  AM 8: 2

CLERK US ...
SOUTHERN DISTRIC... ...

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

Juan Carlos Esquada de la Cruz

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  09-cr-03962-JAH-2

Shaffy Moeel  Federal Defenders

Defendant's Attorney

**REGISTRATION NO.** 16746298

☐

THE DEFENDANT:

☒ pleaded guilty to count(s)    One-count superseding information.

☐ was found guilty on count(s)  _____

after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21:841(a)(1)and 846, 21:853 | Conspiracy to Distribute Methamphetamine | 1s |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  _remaining_____  is ☒ are☐  dismissed on the motion of the United States.

☒ Assessment: $100.00 waived.

☒ No fine          ☒ Forfeited pursuant to order filed  _1/5/2011_ , included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 16, 2011

Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

09-cr-03962-JAH-2

AO 245B     (Rev. 9/00) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: Juan Carlos Esquada de la Cruz
CASE NUMBER: **09-cr-03962-JAH-2**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Ninety months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**09-cr-03962-JAH-2**

AO 245D    (Rev. 3/10) Judgment in a Criminal Case for Revocations
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___4___

DEFENDANT: Juan Carlos Esquada de la Cruz
CASE NUMBER: **09-cr-03962-JAH-2**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Four years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
    future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis
    Backing Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works,
    or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**09-cr-03962-JAH-2**

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
            Sheet 4 — Special Conditions

---

DEFENDANT: Juan Carlos Esquada de la Cruz
CASE NUMBER: **09-cr-03962-JAH-2**

Judgment—Page ___4___ of ___4___

---

## SPECIAL CONDITIONS OF SUPERVISION

☐ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☒ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with   24   hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Participate in a mental health treatment program as directed by the probation office.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within          days.

☐ Complete          hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Reside in a Residential Reentry Center (RRC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

☐ Remain in your place of residence for a period of                    , except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☐ Comply with the conditions of the Home Confinement Program for a period of                    months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

**09-cr-03962-JAH-2**

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10   UNITED STATES OF AMERICA,          )  Case No.  09cr3962-JAH
                                        )
11                Plaintiff,            )  ORDER OF CRIMINAL FORFEITURE
                                        )
12        v.                            )
                                        )
13   JUAN  CARLOS  ESQUADA  DE LA CRUZ  )
     (2),                               )
14                                      )
                  Defendant.            )
15   _____   )
16
17        WHEREAS, in the Information in the above-captioned case, the United States sought
18   forfeiture of all right, title, and interest of the above-named Defendant, JUAN CARLOS
19   ESQUADA DE LA CRUZ ("Defendant"), in all property constituting or derived from proceeds
20   of the offense and forfeiture of all property used or intended to be used in the offense, pursuant to
21   Title 21, United States Code, Section 853, and
22        WHEREAS, on or about October 14, 2010, Defendant pled guilty to Count 1 of the
23   Information, which plea included a consent to the forfeiture allegation of the Information, which
24   states in pertinent part:

25        2.    As a result of the commission of the felony offenses alleged in this
     indictment, said violations being punishable by imprisonment for more than one
26   year and pursuant to Title 21, United States Code; Section 853(a)(1), defendant
     JUAN CARLOS ESQUADA DE LA CRUZ shall, upon conviction, forfeit to the
27   United States all his/her rights, title and interest in any and all property constituting,
     or derived from, any proceeds the Defendants obtained, directly or indirectly, as the
28   result of the offenses.

     //

3.     As a result of the commission of the felony offenses alleged in this indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Section 853(a) (2), defendant JUAN CARLOS ESQUADA DE LA CRUZ shall, upon conviction, forfeit to the United States all [his] rights, title and interest in any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in this indictment.

4.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants -

(a)     cannot be located upon the exercise of due diligence;
(b)     has been transferred or sold to, or deposited with, a third party;
(c)     has been placed beyond the jurisdiction of the Court;
(d)     has been substantially diminished in value; or
(e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the said property listed above as being subject to forfeiture. All in violation of Title 21, United States Code, Section 853; and

WHEREAS, by virtue of the admissions the Defendant set out in the plea agreement and guilty plea, the Court determined that all property constituting or derived from proceeds of the offense and forfeiture of all property used or intended to be used in the offense by the Defendant are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeiture allegations and the offense; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     Defendant JUAN CARLOS ESQUADA DE LA CRUZ , pursuant to the forfeiture allegation to which he has pled, shall forfeit to the United States any and all property constituting or derived from, any proceeds Defendant obtained directly or indirectly, as the result of the violation, as well as any property used or intended to be used to facilitate the commission of the violation to which Defendant has pled guilty.

//

2.      The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute specific property for the proceeds or facilitating property described in paragraph 1 above, up to the value of that property, in whole or in part.

3.      The United States may take any and all actions available to it to investigate, seize and forfeit properties of the Defendant pursuant to paragraph 1 and this Court shall retain jurisdiction to enforce this order and judgment.


DATED: January 4, 2011

JOHN A. HOUSTON
United States District Judge